**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINICK PETERSON, as Administrator of the Estate of Robert D. Peterson, Jr., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>NAVISTAR INTERNATIONAL CORPORATION, PENSKE TRUCK LEASING CO., L.P., and UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | Case No. 1:24-CV-6569 |

**DEFENDANT PENSKE TRUCK LEASING CO., L.P.**
**FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE**
**DEFENSES, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL**

Defendant Penske Truck Leasing CO, L.P. ("Penske"), by counsel, answers Plaintiff's Complaint as follows:

**GENERAL ALLEGATIONS**

1.  This is a wrongful death action arising from a fatal incident that occurred on January 19, 2024, where Decedent was tragically killed during a vehicle fire (the "Incident") The vehicle was a 2024 International LT625 6x4 (VIN:3HSDZAPR5RN489783) (the "Subject Vehicle"). This action seeks damages exceeding $50,000.00.

**ANSWER:  Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.**

1

2.    Plaintiff is the administrator of the estate of the Decedent and, on April 18, 2024, was issued Letters of Temporary Administration by the Surrogate's Court, State of New York, which authorized Plaintiff to determine Decedent's assets, marshal and preserve Decedent's personal property, and, germane to this action, engage in the prosecution and continuation of causes of action on the estate's behalf. See Exhibit 1.

**ANSWER:    Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.**

3.    Defendant Navistar is the manufacturer of the Subject Vehicle and was responsible for its design and manufacture.

**ANSWER:    Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.**

4.    Defendant Penske was the owner and lessor of the Subject Vehicle.

**ANSWER:    Admitted.**

5.    Upon information and belief, Defendant UPS was the lessee of the Subject Vehicle and was responsible for providing the Subject Vehicle to the Decedent in its defective condition.

**ANSWER:    Penske admits only that Penske leased the Subject Vehicle to UPS. With respect to all remaining allegations in Paragraph 5 of Plaintiff's Complaint, Penske lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.**

6.    Each of the Defendants regularly transacts and does business within Cook County, Illinois; thus, personal jurisdiction and venue are proper in this State and County.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 directed towards other defendants. Penske admits that it does business in the State of Illinois, but states that Penske is not at home in Illinois for purposes of general personal jurisdiction. Penske specifically denies that venue was proper in Cook County, Illinois, and Penske denies any remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. On or about January 19, 2024, Decedent was an operator of the Subject Vehicle.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. While Decedent was operating the Subject Vehicle at speed, the Subject Vehicle lost power, which caused the Subject Vehicle to crash. No other vehicles were involved in the crash.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. Following the crash, the Subject Vehicle became engulfed in flames.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. Decedent survived the crash but was entrapped inside the Subject Vehicle while on fire and was unable to escape. Decedent succumbed to the flames and was killed.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. The Subject Vehicle's loss of power and subsequent engulfment into flames were the result of defects in the manufacturing, design, and warnings associated with the Subject Vehicle.

**ANSWER:** Penske denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. The Subject Vehicle's manufacturing, design, and warning, defects were the proximate causes of the Decedent's death. But-for the manufacturing, design, and warning defects, the Decedent would have survived the Subject Vehicle's crash.

**ANSWER:** Penske denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. All conditions precedent to the filing of this suit have been satisfied or waived.

**ANSWER:** Penske lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

**COUNT I**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Navistar International Corporation**
**(Strict Liability - Wrongful Death)**

14. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER:** Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.

15. Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle.

**ANSWER:** Penske lacks information to admit or deny the allegations of Paragraph 15 and, therefore, denies the same.

16. At the time the Subject Vehicle was sold by Navistar, it contained design and manufacturing defects, as well as defective warnings and instruction. As a result of such defects, the Subject Vehicle was unreasonably dangerous.

**ANSWER:** Penske lacks information to admit or deny the allegations of Paragraph 16 and, therefore, denies the same.

17. The Subject Vehicle's defects existed when the Subject Vehicle left Navistar's possession, custody, and/or control.

**ANSWER:** Penske lacks information to admit or deny the allegations of Paragraph 17 and, therefore, denies the same.

18. At the time of the Incident alleged herein, the Subject Vehicle was being used by the Decedent for ordinary, intended, and foreseeable uses. The Decedent was not misusing the Subject Vehicle in any fashion, and there was no abnormal use.

**ANSWER:** Penske lacks information to admit or deny the allegations of Paragraph 18 and, therefore, denies the same.

19. The Subject Vehicle failed to conform to the expectations of reasonable consumers with ordinary knowledge in the community. Additionally, the design of the Subject Vehicle contained risks that outweighed the benefits of such design, which rendered the Subject Vehicle unreasonably dangerous.

**ANSWER:** Penske lacks information to admit or deny the allegations of Paragraph 19 and, therefore, denies the same.

5

20.     Reasonable alternative designs exists with regard to the Subject Vehicle that would have eliminated the risks associated with the Subject Vehicle losing power and becoming engulfed in flames.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 20 and, therefore, denies the same.**

21.     As a direct and proximate result of the defects in the Subject Vehicle, the Subject Vehicle lost power and became engulfed in flames, killing the Decedent.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 21 and, therefore, denies the same.**

22.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 22 and, therefore, denies the same.**

23.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 23 and, therefore, denies the same.**

**COUNT II**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Navistar International Corporation**
**(Strict Liability - Survival Action under 755 ILCS 5/27-6)**

24.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER:     Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

25.     Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 25 and, therefore, denies the same.**

26.     At the time the Subject Vehicle was sold by Navistar, it contained design and manufacturing defects, as well as defective warnings and instruction. As a result of such defects, the Subject Vehicle was unreasonably dangerous.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.**

27.     The Subject Vehicle's defects existed when the Subject Vehicle left Navistar's possession, custody, and/or control.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 27 and, therefore, denies the same.**

28.     At the time of the Incident alleged herein, the Subject Vehicle was being used by the Decedent for ordinary, intended, and foreseeable uses. The Decedent was not misusing the Subject Vehicle in any fashion, and there was no abnormal use.

7

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 28 and, therefore, denies the same.**

29. The Subject Vehicle failed to conform to the expectations of reasonable consumers with ordinary knowledge in the community. Additionally, the design of the Subject Vehicle contained risks that outweighed the benefits of such design, which rendered the Subject Vehicle unreasonably dangerous.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 29 and, therefore, denies the same.**

30. Reasonable alternative designs exists with regard to the Subject Vehicle that would have eliminated the risks associated with the Subject Vehicle losing power and becoming engulfed in flames.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 30 and, therefore, denies the same.**

31. As a direct and proximate result of the defects in the Subject Vehicle, the Subject Vehicle lost power and became engulfed in flames, killing the Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.**

32. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.**

33. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.**

### COUNT III
### Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Navistar International Corporation
### (Negligence - Wrongful Death)

34. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER: Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

35. Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 35 and, therefore, denies the same.**

36. Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 36 and, therefore, denies the same.**

37. As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power and became engulfed in flames.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 37 and, therefore, denies the same.**

38. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 38 and, therefore, denies the same.**

39. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Penske lacks information to admit or deny the allegations of Paragraph 39 and, therefore, denies the same.**

**COUNT III (sic)**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Navistar International Corporation**
**(Negligence - Wrongful Death)**

40. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER: Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

41.     Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 41 and, therefore, denies the same.**

42.     Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 42 and, therefore, denies the same.**

43.     As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power and became engulfed in flames.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 43 and, therefore, denies the same.**

44.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 44 and, therefore, denies the same.**

45.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection,

11

consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 45 and, therefore, denies the same.**

**COUNT IV**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Navistar International Corporation**
**(Negligence - Survival Action under 755 ILCS 5/27-6)**

46.    Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER:** **Navistar incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

47.    Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 47 and, therefore, denies the same.**

48.    Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 48 and, therefore, denies the same.**

49.    As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power and became engulfed in flames.

12

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 49 and, therefore, denies the same.**

50.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 50 and, therefore, denies the same.**

51.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 51 and, therefore, denies the same.**

**COUNT V**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Penske Truck Leasing Co., L.P.**
**(Wrongful Death)**

52.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER:** **Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

53.     Penske was the owner and lessor of the Subject Vehicle. Penske leased the Subject Vehicle for profit.

**ANSWER:** **Admitted.**

54.     As the owner and lessor, Penske owed a duty of care to foreseeable users of the Subject Vehicle to ensure that the Subject Vehicle was in good and work condition and free from defects.

**ANSWER:     Paragraph 54 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 54.**

55.     Penske breached its duty of care by failing to adequately inspect the Subject Vehicle, failing to discover the defects alleged herein, and by leasing the Subject Vehicle with those defects.

**ANSWER:     Paragraph 55 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 55.**

56.     The Decedent was a foreseeable user of the Subject Vehicle leased out by Penske.

**ANSWER:     Paragraph 56 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 56.**

57.     As a direct and proximate result of Penske's breaches of duty, the Decedent suffered fatal injures.

**ANSWER:     Paragraph 57 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 57.**

58.     Penske's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:     Paragraph 58 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 58.**

59. Penske's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Paragraph 59 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 59.**

**COUNT VI**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Penske Truck Leasing Co., L.P.**
**(Negligence - Survival Action under 755 ILCS 5/27-6)**

60. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER: Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

61. Penske was the owner and lessor of the Subject Vehicle. Penske leased the Subject Vehicle for profit.

**ANSWER: Admitted.**

62. As the owner and lessor, Penske owed a duty of care to foreseeable users of the Subject Vehicle to ensure that the Subject Vehicle was in good and work condition and free from defects.

**ANSWER: Paragraph 62 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 62.**

63. Penske breached its duty of care by failing to adequately inspect the Subject Vehicle, failing to discover the defects alleged herein, and by leasing the Subject Vehicle with those defects.

15

**ANSWER: Paragraph 63 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 63.**

64. The Decedent was a foreseeable user of the Subject Vehicle leased out by Penske.

**ANSWER: Paragraph 64 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 64.**

65. As a direct and proximate result of Penske's breaches of duty, the Decedent suffered fatal injures.

**ANSWER: Paragraph 65 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 65.**

66. Penske's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Paragraph 66 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 66.**

67. Penske's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER: Paragraph 67 states a legal conclusion to which no answer is required, to the extent an answer is required, Penske denies the allegations of Paragraph 67.**

**COUNT VII**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant United Parcel Service, Inc.**
**(Negligence – Wrongful Death)**

68.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

**ANSWER:     Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

69.     Upon information and belief, UPS was the lessee of the Subject Vehicle and provided the vehicle to the Decedent.

**ANSWER:     Penske admits that UPS was the lessee of the Subject Vehicle but lacks information to admit or deny the remaining allegations of Paragraph 69 and, therefore, denies the same.**

70.     UPS owed a duty of care to foreseeable users of the Subject Vehicle to ensure that the Subject Vehicle was in good and work condition and free from defects.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 70 and, therefore, denies the same.**

71.     Because UPS provided the Subject Vehicle to the Decedent, he was a foreseeable user of the Subject Vehicle.

**ANSWER:     Penske lacks information to admit or deny the allegations of Paragraph 71 and, therefore, denies the same.**

72.     UPS breached its duty of care by failing to adequately inspect the Subject Vehicle, failing to discover the defects alleged herein, and by providing the Subject Vehicle to the Decedent with those defects.

17

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 72 and, therefore, denies the same.**

73. As a direct and proximate result of UPS's breaches of duty, the Decedent suffered fatal injures.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 73 and, therefore, denies the same.**

74. UPS' aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 74 and, therefore, denies the same.**

75. UPS' aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 75 and, therefore, denies the same.**

**COUNT VIII**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant United Parcel Service, Inc.**
**(Negligence - Survival Action under 755 ILCS 5/27-6)**

76. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

18

**ANSWER:** **Penske incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.**

77. Upon information and belief, UPS was the lessee of the Subject Vehicle and provided the vehicle to the Decedent.

**ANSWER:** **Penske admits that UPS was the lessee of the Subject Vehicle but lacks information to admit or deny the remaining allegations of Paragraph 77 and, therefore, denies the same.**

78. UPS owed a duty of care to foreseeable users of the Subject Vehicle to ensure that the Subject Vehicle was in good and work condition and free from defects.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 78 and, therefore, denies the same.**

79. Because UPS provided the Subject Vehicle to the Decedent, he was a foreseeable user of the Subject Vehicle.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 79 and, therefore, denies the same.**

80. UPS breached its duty of care by failing to adequately inspect the Subject Vehicle, failing to discover the defects alleged herein, and by providing the Subject Vehicle to the Decedent with those defects.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 80 and, therefore, denies the same.**

81. As a direct and proximate result of UPS's breaches of duty, the Decedent suffered fatal injures.

19

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 81 and, therefore, denies the same.**

82. UPS' aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 82 and, therefore, denies the same.**

83. UPS' aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

**ANSWER:** **Penske lacks information to admit or deny the allegations of Paragraph 83 and, therefore, denies the same.**

## AFFIRMATIVE DEFENSES

Penske asserts the following defenses, subject to investigation and discovery:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, were the result of open and obvious risks of which Plaintiff was or should have been aware and which he accepted, consented to, and assumed.

3. The damages alleged to have been sustained by Plaintiff were caused in whole or in part by the culpable conduct of Plaintiff or other parties without any culpable conduct on the part of Penske, and, therefore, the amount of damages, if any, recovered by the Plaintiff should be reduced in that proportion to which the culpable conduct attributed to Plaintiff or others bears to the culpable conduct that caused said purported damages.

4. Because Plaintiff was more than 50% at fault for his alleged injuries, any claims for non-economic damages are statutorily barred and any claims for economic damages must be reduced in relation to Plaintiff's comparative negligence.

5. Plaintiff has failed to mitigate his damages.

6. Penske claims the right to set-off any collateral source payments.

7. Plaintiff's damages, if any, were caused in whole or in part by an intervening and superseding cause.

8. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's employer's failure to provide warnings or instruction to Plaintiff about any hazards associated with the equipment that is the subject of this litigation.

9. To the extent the Plaintiff claims any warnings were inadequate, those claims are barred because the alleged risk is open, obvious, and/or a matter of common knowledge.

10. Plaintiff assumed any and all risks associated with the use of the product which forms the subject of this lawsuit.

11. Plaintiff's damages, if any, were caused in whole or in part by the intervening culpable conduct of persons over whom Penske exercises no control.

12. Plaintiff's and/or other third parties' contributory and/or comparative negligence was the sole cause of the accident at issue.

13. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's or others' misuse or improper maintenance of the equipment at issue in this case.

14. Plaintiff's damages, if any, were caused in whole or in part by misuse or improper maintenance of the equipment at issue in this case by a named or fictitious defendant other than Penske.

21

15.     The proximate and/or contributing cause of Plaintiff's alleged damages was the misuse, abuse, or the unanticipated, unintended, or unforeseeable use of the product by Plaintiff or other parties.

16.     Plaintiff's claims are barred due to the impairment by an intoxicating drug or alcohol.

17.     Penske complied with all applicable federal or state regulations or standards.

18.     The alleged accident and claimed damages were not caused by any condition existing in the product at the time that it left the possession or control of Navistar.

19.     Penske breached no duty owed to Plaintiff.

20.     The product may have undergone a substantial change or modification subsequent to the time it left the possession and control of Penske.

21.     Plaintiff's causes of action are barred by the "sophisticated user" or "knowledgeable intermediary" doctrine.

22.     The injuries and damages at issue, if any, were caused by the unforeseeable alteration, improper handling, or unforeseeable misuse of the product.

23.     The product was, as a matter of law, not unreasonably dangerous, but was equipped with every element necessary to make it safe and contained no element making it unsafe.

24.     Plaintiff's claims are barred as to Penske because the product at issue was reasonably safe.

25.     Plaintiff's claims are barred by contractual, statutory, and/or common law limitations of warranty, remedy, and damages.

26.     Penske retains the right to seek indemnification and/or contribution against any parties or non-parties that may have proximately caused the incident at issue.

27. As a matter of law, any allegations of breach of implied warranties are barred and prohibited due to the lack of consideration, lack of mutual assent, and lack of privity between Penske and Plaintiff.

28. Plaintiff's claims may be barred because the product conformed to the technological, scientific, and industrial state of the art at the time the product was first sold.

29. Plaintiff has failed to plead his claims with particularity under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2008).

30. To the extent they do not conflict with the preceding defenses, Penske asserts those affirmative defenses to be raised by any other Defendants to this action.

31. Penske reserves the right to add additional affirmative defenses pending discovery.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant Penske Truck Leasing CO., L.P., prays for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Penske on all legal claims asserted in the Complaint;

3. That costs be assessed against Plaintiff;

4. A trial by jury on all issues so triable; and

5. That Penske receive such other relief as the Court may deem just and proper.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOMINICK PETERSON, as Administrator of the Estate of Robert D. Peterson, Jr., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> NAVISTAR INTERNATIONAL CORPORATION, PENSKE TRUCK LEASING CO., L.P., and UNITED PARCEL SERVICE, INC., <br><br> Defendants. | Case No. 1:24-CV-6569 |

**COUNTERCLAIM OF COUNTER-PLAINTIFF PENSKE TRUCK LEASING CO., L.P. AGAINST COUNTER-DEFENDANTS NAVISTAR INTERNATIONAL CORPORATION AND UNITED PARCEL SERVICE, INC.**

Counter-Plaintiff, Penske Truck Leasing Co., L.P. ("Penske") asserts the following counterclaim against Navistar International Corporation ("Navistar") and United Parcel Service, Inc. ("UPS") as follows:

1. On or about July 12, 2024, Dominick Peterson, as Administrator of the Estate of Robert D. Peterson, Jr., Deceased ("Plaintiff"), filed his complaint against Penske, Navistar, and UPS (the "Complaint").

2. Plaintiff assert claims against Penske for wrongful death and a survival claim in Counts V and VI, respectively, of the Complaint.

3. Counts V and VI sound in negligence and Plaintiff alleges in those counts, *inter alia*, that Penske "owed a duty of care to foreseeable users [(including Plaintiff's decedent)] of the

24

Subject Vehicle to ensure that the Subject Vehicle was in good and work condition and free from defects." (Compl. ¶¶ 54, 56, 62, 64.)

4.     Plaintiff further alleges in Counts V and VI that Penske breached its alleged aforementioned duty by "failing to adequately inspect the Subject Vehicle, failing to discover the defects alleged herein, and by leasing the Subject Vehicle with those defects" and that Plaintiff suffered damages as a result of those alleged breaches. (Compl. ¶¶ 55, 57-59, 63, 65-67.)

## COUNT I – CONTRIBUTION AGAINST NAVISTAR AND UPS

5.     Penske incorporates by reference its allegations contained in paragraphs 1-4 of its Counterclaim as if set forth fully herein.

6.     Under the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, *et seq.*, where two or more defendants are subject to liability in tort arising out of the same injury to person or property there is a right of contribution among them, even though judgment has not been entered against any or all of them.

7.     For the Joint Tortfeasor Contribution Act to apply, the liable parties need not be joint in a strict sense, simultaneous acts or acts in concert are sufficient.

8.     Navistar and/or UPS are joint tortfeasors who owe contribution to Penske.

9.     In the event Penske is found liable to Plaintiff, Navistar and/or UPS owe Penske an amount in contribution to be determined by the finder of fact.

WHEREFORE, Penske prays that this Honorable Court:

a. Enter judgment in favor of Penske and against Navistar and/or UPS in an amount to be determined; and

b. Grant such other relief as the Court deems just and equitable.

25

Respectfully submitted,

Dated: August 16, 2024      **PENSKE TRUCK LEASING CO., L.P.**

By:     /s/ Keith M. St. Aubin

Mark A. Bradford
Keith M. St. Aubin
Duane Morris LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
312-499-6700
mabradford@duanemorris.com
kstaubin@duanemorris.com

26

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 16, 2024, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ Keith M. St. Aubin