**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOMINICK PETERSON, as Administrator of )
the Estate of Robert D. Peterson, Jr., Deceased, )
          )
    Plaintiff, )
          )
v. )    Case No.: 1:24-cv-06569
          )
NAVISTAR       INTERNATIONAL )
CORPORATION, )
          )    JURY TRIAL DEMANDED
    Defendant. )
_____ )

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, DOMINICK PETERSON, as the Administrator of the Estate of Robert D. Peterson, Jr. Deceased ("Plaintiff"), and sues Defendant, NAVISTAR INTERNATIONAL CORPORATION ("Navistar") through this First Amended Complaint (amended by consent of all Defendnats), related to the death of Robert D. Peterson, Jr. (the "Decedent"), and alleges as follows:

**GENERAL ALLEGATIONS**

1.    This is a wrongful death action arising from a fatal incident that occurred on January 19, 2024, where Decedent was tragically killed during a vehicle fire (the "Incident"). The vehicle was a 2024 International LT625 6x4 (VIN:3HSDZAPR5RN489783) (the "Subject Vehicle"). This action seeks damages exceeding $50,000.00.

2.    Plaintiff is the administrator of the estate of the Decedent and, on April 18, 2024, was issued Letters of Temporary Administration by the Surrogate's Court, State of New York, which authorized Plaintiff to determine Decedent's assets, marshal and preserve Decedent's

1

personal property, and, germane to this action, engage in the prosecution and continuation of causes of action on the estate's behalf. *See* Exhibit 1.

3.     Defendant Navistar is the manufacturer of the Subject Vehicle and was responsible for its design and manufacture.

4.     Defendant regularly transacts and does business within Cook County, Illinois; thus, personal jurisdiction and venue are proper in this State and County.

5.     On or about January 19, 2024, Decedent was an operator of the Subject Vehicle.

6.     While Decedent was operating the Subject Vehicle at speed, the Subject Vehicle lost power, which caused the Subject Vehicle to crash. No other vehicles were involved in the crash.

7.     Following the crash, the Subject Vehicle became engulfed in flames.

8.     Decedent survived the crash but was entrapped inside the Subject Vehicle while on fire and was unable to escape. Decedent succumbed to the flames and was killed.

9.     The Subject Vehicle's loss of power and subsequent engulfment into flames were the result of defects in the manufacturing, design, and warnings associated with the Subject Vehicle.

10.     The Subject Vehicle's manufacturing, design, and warning, defects were the proximate causes of the Decedent's death. But-for the manufacturing, design, and warning defects, the Decedent would have survived the Subject Vehicle's crash.

11.     All conditions precedent to the filing of this suit have been satisfied or waived.

**<u>COUNT I</u>**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Navistar International Corporation**
**(Strict Liability - Wrongful Death)**

2

12. Plaintiff incorporates the allegations from paragraphs 1 through 11 above as though fully stated herein.

13. Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle.

14. At the time the Subject Vehicle was sold by Navistar, it contained design and manufacturing defects, as well as defective warnings and instruction. As a result of such defects, the Subject Vehicle was unreasonably dangerous.

15. The Subject Vehicle's defects existed when the Subject Vehicle left Navistar's possession, custody, and/or control.

16. At the time of the Incident alleged herein, the Subject Vehicle was being used by the Decedent for ordinary, intended, and foreseeable uses. The Decedent was not misusing the Subject Vehicle in any fashion, and there was no abnormal use.

17. The Subject Vehicle failed to conform to the expectations of reasonable consumers with ordinary knowledge in the community. Additionally, the design of the Subject Vehicle contained risks that outweighed the benefits of such design, which rendered the Subject Vehicle unreasonably dangerous.

18. Reasonable alternative designs exists with regard to the Subject Vehicle that would have eliminated the risks associated with the Subject Vehicle losing power, entrapping Decedent, and becoming engulfed in flames.

19. As a direct and proximate result of the defects in the Subject Vehicle, the Subject Vehicle lost power, entrapped Decedent, and became engulfed in flames, killing the Decedent.

20. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium,

3

household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

21.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

WHEREFORE, Plaintiff prays for a judgment against Navistar in a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

<u>**COUNT II**</u>
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Navistar International Corporation**
**(Strict Liability - Survival Action under 755 ILCS 5/27-6)**

22.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

23.     Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle.

24.     At the time the Subject Vehicle was sold by Navistar, it contained design and manufacturing defects, as well as defective warnings and instruction.  As a result of such defects, the Subject Vehicle was unreasonably dangerous.

25.     The Subject Vehicle's defects existed when the Subject Vehicle left Navistar's possession, custody, and/or control.

26.     At the time of the Incident alleged herein, the Subject Vehicle was being used by the Decedent for ordinary, intended, and foreseeable uses.  The Decedent was not misusing the Subject Vehicle in any fashion, and there was no abnormal use.

4

27.     The Subject Vehicle failed to conform to the expectations of reasonable consumers with ordinary knowledge in the community.  Additionally, the design of the Subject Vehicle contained risks that outweighed the benefits of such design, which rendered the Subject Vehicle unreasonably dangerous.

28.     Reasonable alternative designs exists with regard to the Subject Vehicle that would have eliminated the risks associated with the Subject Vehicle losing power, entrapping Decedent, and becoming engulfed in flames.

29.     As a direct and proximate result of the defects in the Subject Vehicle, the Subject Vehicle lost power, entrapping Decedent, and became engulfed in flames, killing the Decedent.

30.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

31.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

WHEREFORE, Plaintiff prays for a judgment against Navistar in a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

**COUNT III**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v.**
**Defendant Navistar International Corporation**
**(Negligence - Wrongful Death)**

5

32. Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

33. Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

34. Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

35. As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power, entrapped Decedent, and became engulfed in flames.

36. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

37. Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

WHEREFORE, Plaintiff prays for a judgment against Navistar in a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT III
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Navistar International Corporation**
**(Negligence - Wrongful Death)**

38.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

39.     Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

40.     Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

41.     As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power, entrapped Decedent, and became engulfed in flames.

42.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

43.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

WHEREFORE, Plaintiff prays for a judgment against Navistar in a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

**<u>COUNT IV</u>**
**Plaintiff Dominick Peterson as administrator of the estate Robert D. Peterson, Jr. v. Defendant Navistar International Corporation**

7

**(Negligence - Survival Action under 755 ILCS 5/27-6)**

44.     Plaintiff incorporates the allegations from paragraphs 1 through 13 above as though fully stated herein.

45.     Navistar is the manufacturer of the Subject Vehicle and was in the business of selling the Subject Vehicle, and thus, owed duties to the foreseeable users of the Subject Vehicle to design and manufacture the Subject Vehicle with care, and to provide adequate warnings and instructions.

46.     Navistar breached its duty of care by inadequately designing and manufacturing the Subject Vehicle, and by failing to provide adequate warnings and instructions.

47.     As a direct and proximate result of Navistar's breaches of duty, Decedent died when the Subject Vehicle lost power, entrapped Decedent, and became engulfed in flames.

48.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived Decedent's children, of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

49.     Navistar's aforesaid acts and violations of law, both of omission and commission have permanently deprived the remainder of Decedent's family of the love, care, affection, consortium, household services, and other benefits – tangible and intangible – that would have otherwise been provided by Decedent.

WHEREFORE, Plaintiff prays for a judgment against Navistar in a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

8

Dated: March 3, 2025.  Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*/s/ Aaron N. Clite*
**Aaron N. Clite, Esq.**
Illinois Bar No.: 6337902
200 N. Broadway, Suite 720
St. Louis, MO 63102
Telephone: (314) 252-7209
Primary e-mail: aaron.clite@forthepeople.com
Secondary E-Mail: weixing.fu@forthepeople.com

**MORGAN & MORGAN, P.A.**

/s/*Christian M. Leger*
**Christian M. Leger, Esq.**
Florida Bar No.: 100562 (*pro hac vice pending*)
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (689) 256-2102
E-mail: cleger@forthepeople.com
Secondary E-mail: mcampos@forthepeople.com
*Attorneys for Plaintiff*

9